**Ivan J. WELCH, Plaintiff in Error,**

v.

**The STATE of Oklahoma, Defendant in Error.**

**No. A–15565.**

Court of Criminal Appeals of Oklahoma.

July 22, 1970.

Guy Fitzsimmons, Sapulpa, for plaintiff in error.

G. T. Blankenship, Atty. Gen., for defendant in error.

BUSSEY, Judge:

Ivan J. Welch, hereinafter referred to as defendant, was charged by Information in the District Court of Logan County with the offense of Stealing Copper Wire. After being meticulously advised of his constitutional rights and after having consulted with retained counsel, defendant entered a plea of guilty on the 11th day of April, 1969. Judgment and sentence was delayed, at the request of defendant, until the 25th day of April, 1969, and continued on that date until the 23rd day of May, 1969, in order that the defendant might arrange for the storage of his property. Although defendant's counsel twice thereafter appeared on the 23rd day of May, 1969, and the 13th day of June, 1969, the defendant failed to appear and the court directed that the bond be forfeited and a bench warrant issued for the defendant. Thereafter, on the 22nd day of August, 1969, the matter came on for entry of judgment and sentence, during which the following pertinent proceedings occurred:

"THE COURT: * * * Now, Mr. Welch, on April 11th, 1969, you were informed against in this court charging you with the crime of Grand Larceny, I take it, stealing copper wire from the Santa Fe Railroad, and on the 11th day of April, the same day this information was filed, you by written waiver of Constitutional rights on a plea of guilty entered a plea of guilty in this court to the charge set forth in the information. At that time before the Court accepted this plea, the Court inquired of you in detail as to your understanding of your Constitutional rights, your rights to trial by jury and have the jury fix the punishment, also to have a preliminary hearing if you did not have one and enter a plea of not guilty and have the jury fix your sentence; Waiving that I informed you and you understood that it would be the

Court's duty to fix the punishment, all of which we went into in detail at that time and you satisfied the Court that you understood the nature of the charge, the extent of the penalty that could be imposed, and you told the Court that you actually did commit this crime of stealing this copper wire. A record was made of the hearing at that time, your sentence day was fixed for the 25th day of April, 1969, at 11:00 o'clock, and you were permitted to remain at liberty on bond, and on the 11th day of April you failed to appear—I mean, the 25th day of April you failed to appear and, I believe, at that time Mr. Chapman made his appearance?

* * *

MR. GRAY [ASSISTANT DISTRICT ATTORNEY]: Your Honor, if I may inform the Court, on the 11th when the defendant entered his plea of guilty he was represented by counsel, and it was set for April 25th and the defendant appeared on April 25th but the sentencing was continued, he appeared with his counsel, Mr. Chapman, on the 25th day of April and the sentence date was re-set for May 23rd, 1969, and on May 23rd the defendant did not appear.

THE COURT: * * * I will now inquire if there is any legal reason why the sentence should not be pronounced at this time?

MR. FITZSIMMONS [DEFENSE COUNSEL]: The defendant has informed me that he wished at this time to be permitted to withdraw his plea of guilty, stating that it was obtained by duress with threats of prosecution of his wife who was incarcerated with him.

THE COURT: The Court went into those matters of threats of prosecution and the defendant gave his answer contrary to that statement which you just now made. The defendant personally told the Court, the record will so show, that he was not under threats, duress or promises at the time; That being stated

in the record, the motion for leave to withdraw his plea of guilty for the purpose of entering a plea of not guilty will be denied with exception."

The Court thereafter stated that the defendant had been filed upon for "After Former Convictions," and set the punishment at imprisonment in the state penitentiary for a period of five years.

On appeal it is contended that the trial court erred in refusing to allow the defendant to withdraw his plea of guilty for the reason that the same was entered under coercion and duress. The transcript of the proceedings at the time the defendant appeared in open court and entered his plea of guilty abundantly support the ruling of the trial court. There was nothing before the trial court except the naked assertion of the defendant, made on the date of rendition of judgment and sentence, to support the contention that the plea was the result of coercion and duress.

It is significant that in the five months during which the defendant remained at liberty and during which he was represented by counsel of his own choice, there was not even the remotest suggestion that the plea of guilty was coerced. This issue was not raised until the defendant had been apprehended on a bench warrant after bail jumping when he appeared with newly acquired counsel for judgment and sentence. Moreover, we observe that never at any time in the trial court, nor indeed on appeal, has the defendant ever asserted that he was not guilty and had a valid defense to the charge.

Under all of the circumstances and upon the record before us, we are of the opinion that the trial court did not err in refusing to allow the defendant to withdraw his plea of guilty and that the plea of guilty was entered freely and voluntarily with full knowledge of the nature and consequence of such plea while the defendant was represented by employed counsel, and that the defendant entered the plea of guilty because he was guilty.

For the reasons above set forth, the judgment and sentence appealed from is affirmed.

BRETT, P. J., and NIX, J., concur.